MILLS, RECEIVER FT. SMITH & WESTERN RD. CO., *v.*
FRANKLIN.

Opinion delivered June 25, 1917.

1. CARRIERS—COLD WAITING ROOM—DAMAGES—JURY QUESTION.—Appellant, a passenger on defendant railway, testified that she was obliged to wait several hours in a waiting room without a fire, and that she sustained certain injuries thereby. Defendant's employees testified that there was a fire in the room. *Held*, whether the failure to heat the room was the proximate cause of the injury was for the jury.

2. CARRIERS—INJURY TO PASSENGER—FAILURE TO HEAT WAITING ROOM.—Plaintiff, a passenger, sued the defendant for damages resulting from exposure to cold in a waiting room in which no fire was maintained. *Held*, an instruction on the measure of damages properly included compensation for "pain and anguish, if any, both of body and mind, * * and for the diminution, if any, of her physical health and vigor, and also such sums of money as the evidence shows, if any, she was compelled to expend for medicine and medical attention."

3. CARRIERS—DUTY TO MAINTAIN COMFORTABLE WAITING ROOMS.—A carrier of passengers is required to keep its waiting rooms comfortably warm for passengers, and it is liable for damges resulting from a failure to discharge that duty.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Warner & Warner,* for appellant.

1. The court erred in refusing to instruct the jury to return a verdict for defendant. Defendant was not an insurer of plaintiff's safety while in the waiting room and owed her no duty to exercise the highest degree of care for her protection. The only duty imposed by law was to exercise ordinary care to protect her while she was waiting at the station. 96 Ark. 311; 33 L. R. A. (N. S.) 855. A carrier is not responsible for delays caused by *vis major,* or act of God—high water and washouts. Even if negligent in not properly heating the waiting room, plaintiff could not recover damages because her injuries—pneumonia and inflammation of the ovary—were not shown to have been the natural and probable consequence of any act of negligence of defendant.

It is fundamental that no case of negligence is established unless a causal connection between the act of neg-

ligence and the injury sustained is clearly established. 100 Ark. 462; 97 *Id.* 576; 66 *Id.* 68; 69 *Id.* 402; 4 R. C. L. 1141; § 584; 48 L. R. A. (N. S.) 93. The burden was on plaintiff to show negligence and that the alleged injuries were proximately caused by defendant's negligence. 13 Cyc. 216; 76 Ia. 744; 21 Ark. 433; 30 *Id.* 50, 55; 116 *Id.* 82; 23 Fed. 14. Verdicts can not be based or predicated upon conjecture or mere speculation. 183 S. W. 538; 70 So. 467; 88 S. W. 767; 96 *Id.* 1045; 190 Fed. 717; 65 So. 981; 133 N. W. 142; 105 Ark. 161. See also 137 Pac. 705; 24 U. S. (L. Ed.) 256.

2. The court erred in refusing to give instruction No. 9, requested by defendant. It is the duty of a person rightfully upon depot premises to exercise ordinary care for his own safety and to exercise such care as is commensurate with the apparent danger to be avoided under the particular conditions. 119 Ark. 287; 120 *Id.* 394, 399.

3. It was error to give No. 4, requested by plaintiff on the measure of damages. 79 Ark. 484; 102 *Id.* 246; 101 *Id.* 90; 118 *Id.* 13, 16; 8 R. C. L. 442, § 14; 105 Ark. 205; 109 *Id.* 4.

4. It is error to give conflicting instructions. 65 Ark. 259; 95 *Id.* 509; 99 *Id.* 377; 110 *Id.* 197.

*Oglesby, Cravens & Oglesby,* for appellee.

1. There was no error in refusing the peremptory instruction. Plaintiff was a passenger in defendant's waiting room. 96 Ark. 311, cited by appellant, is a different case. Plaintiff's instruction No. 1 states the law. 70 Ark. 136. On defendant's own instructions the jury found that defendant failed to exercise ordinary care in heating its waiting room.

2. The question of proximate cause was submitted to the jury on proper instructions. 83 Ark. 584; 94 U. S. 469. The case 100 Ark. 462 is not applicable. Whether the failure to heat the waiting room was the proximate cause of the injuries was a question of fact for the jury—the evidence is conflicting and the verdict should not be disturbed.

3. The cases cited by appellant do not apply. 119 Ark. 287; 120 *Id.* 394.

4. Instruction No. 4 for plaintiff was properly given. 83 Ark. 584. There is no reversible error.

### STATEMENT BY THE COURT.

Appellee sued appellant to recover damages for failing to keep heated a waiting room at one of the stations on appellant's line of road where she was compelled to stay for several hours while waiting for a train.

According to the testimony of appellee she went from Fort Smith, in the State of Arkansas, to Boley, in the State of Oklahoma, on January 16, 1916. She boarded one of appellant's passenger trains on January 21, 1916, for her home at Fort Smith. She had her baby with her and was in good health at the time. About 1 o'clock P. M. of that day her train arrived at Dustin, Oklahoma, where she was told by the conductor that she would have to get off the train on account of the high water and wait at the station for the next train. She was told that she would get a train about 7:30 o'clock that evening. She was a colored woman and went into the colored waiting room at Dustin. There was no fire in the waiting room and it was very cold and damp. She requested the employees of appellant to build a fire in the waiting room. She was told that the flue was stopped up with soot and that no fire could be made. She was not allowed to pull down an open window because she was told that some smoke came into the room from another part of the station building if the window was closed. She never left the waiting room but one time and that was to go into the baggage room to get a quilt to wrap up her baby, who was cold. She was compelled to remain there from 1 o'clock P. M. on January 21 inst. to 4:10 o'clock A. M. on January 22. On account of the exposure to the cold appellee had a hard chill, followed by a fever, before getting on the train. After arriving at Fort Smith, she was confined for about four weeks, suffering from pneumonia, which affected her left ovary. On account of her sickness she was compelled to

expend about $150 for medicine, a nurse and physician. She suffered intense pain, and further testified at the trial that she then suffered with her ovary, back and head, and was unable to do her household work. A colored physician attended her and he testified that she had a severe case of pneumonia in the right lung and that this was brought on by her exposure to the cold. He further testified that her left ovary finally became infected.

The testimony on the part of appellant tended to prove that the waiting room had a fire and that it was comfortable. That no smoke could have gotten into the negro waiting room and that coal was put in the stove at regular intervals during all the time appellee was in the waiting room and that it was kept comfortable during the whole time she was there. It is also shown by the defendant that she had ovarian trouble before she made the trip in question; that while pneumonia frequently results from exposure and sometimes develops in six hours, that ovarian trouble could not develop in six hours after contracting pneumonia.

The jury returned a verdict for appellee in the sum of $750, and from the judgment rendered appellant prosecutes this appeal.

HART, J., (after stating the facts). (1) It is earnestly insisted by counsel that the court erred in not directing a verdict for appellant. We think the question of whether or not the failure to heat the waiting room was the proximate cause of appellee's injury was one of fact for the jury. Counsel for appellant insists that the verdict could only have been the result of conjecture or surmise on the part of the jury, but we do not agree with them in this contention. Appellee testified that she was perfectly well when she started on her journey and until after she was exposed to the cold for several hours in the waiting room at Dustin. She stated that she had not been exposed to cold at any other time during her journey, but on the other hand that she had been perfectly comfortably situated until she went into the colored waiting room at Dustin. According to her testimony she was exposed

to the cold there from 1 o'clock in the afternoon until 4 o'clock in the morning. She was compelled to sit in a cold room with the window up and the station agent failed or refused to build a fire for her. She had a severe chill followed by a fever when she left there for home. She suffered from a severe case of pneumonia, and, according to her own testimony and that of her physician, her left ovary became affected by reason thereof. The evidence adduced in her behalf was flatly contradicted by that adduced in favor of appellant. This raised an issue of fact for the jury to determine. This court upheld the verdict of a jury under a similar state of facts in *Kansas City Southern Raiway Co.* v. *Cobb,* 118 Ark. 569, and *St. L., I. M. & S. Ry. Co.* v. *Hook,* 83 Ark. 584.

(2) It is next insisted by counsel for appellant that the court erred in giving instruction No. 4 on the measure of damages. The instruction is as follows:

"You are also instructed that if you find for the plaintiff you will award her such damages as will fairly compensate her for all pain and anguish, if any, both of body and mind, suffered by plaintiff on account of the injuries received and for the diminution, if any, of her physical health and vigor, and also such sums of money as the evidence shows, if any, she was compelled to expend for medicine and medical attention."

Various objections are raised to the instruction. In the first place, it is urged by counsel that it was the duty of appellee to have gone to some house in Dustin where there was a fire when the agent refused to build a fire in the waiting room. It may be said that this objection does not affect the measure of damages but rather bears on the question of the contributory negligence of appellee. Besides, there were no houses in the town of Dustin where negroes were entertained and the nearest negro residence was three and one-half miles in the country. Appellee was expecting the train to arrive at any time from 7:30 in the afternoon until 4:10 o'clock the next morning. It therefore was not practical for her to have gone in search of another place to stay, even if she had been rea-

sonably certain there was a place of entertainment open to her in the town. According to the testimony of appellee and her physician her exposure to the cold in the waiting room caused her to have pneumonia. She also testified that she contracted acute inflammation of the left ovary by being exposed to the cold in the waiting room; that she suffered severe pain and continued to suffer it at the time of the trial. From this the jury might have found that she would necessarily suffer pain for a period of time in the future. The instruction is in accord with the principles of law laid down in *Arkansas Southwestern Railroad Co.* v. *Wingfield,* 94 Ark. 75, and *Scullin et al., Receivers,* v. *Vining,* 127 Ark. 183, 191 S. W. 924.

In *St. Louis, Iron Mountain & Southern Railway Co.* v. *Hook, supra,* the court held that in an action against a railroad company for injuries resulting from the company's failure to heat its waiting room, causing the plaintiff to be ill for some weeks from a dangerous malady, it was not error to instruct the jury to compensate plaintiff "for the diminution, if any, of his physical health and vigor occasioned by the alleged wrong sued for."

(3) Complaint is also made by appellant at some of the instructions given by the court at the request of appellee and at the refusal of the court to give certain instructions asked by appellant. We do not deem it necessary to set out these instructions or to comment on them at length. In the case of *St. L., I. M. & S. Ry. Co.* v. *Hook, supra,* and *K. C. So. Ry. Co.* v. *Cobb, supra,* the court held that it was the duty of a railroad to keep its waiting rooms comfortable and to provide reasonable accommodations for passengers at their stations. The court further held that in the discharge of this duty the railroad company must exercise ordinary care to keep its waiting rooms comfortably warm, and if it fails to exercise such care and the passenger suffers injury as a direct result of such failure, the railroad company will be liable in damages. The court gave instructions both at the request of appellant and appellee in accord with the principles of law laid down in those cases.

The only issue of fact was whether or not the railroad company failed to heat its waiting room and whether this was the proximate cause of appellee's injury. Appellee on the one hand testified that there was no fire in the waiting room and that she suffered so much in consequence that she contracted pneumonia. On the other hand, appellant's agents testified that there was a fire in the waiting room. This disputed question of fact, together with the accompanying question of whether or not this caused appellee's illness, was fully and fairly submitted to the jury according to the principles of law above announced.

We find no prejudicial error in the record and the judgment will be affirmed.